IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RUMPKE CONSOLIDATED COMPANIES, INC., | : | Case No. 1:14-cv-00099 |
| | : | (Judge Sandra S. Beckwith) |
| Plaintiff, | : | |
| v. | : | STIPULATED PROTECTIVE ORDER |
| WELLS FARGO INSURANCE SERVICES USA, INC. | : | |
| Defendant. | : | |

To protect trade secret and/or confidential research, development or commercial information and/or competitively sensitive information and/or private information related to parties and non-parties in this litigation consistent with Rule 26 of the Federal Rules of Civil Procedure and applicable law, the Court hereby orders, with the consent of the parties, as follows:

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoenas in this litigation by any party or non-party (hereafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" under this Protective Order.

2. "Confidential Information" shall include any Discovery Materials which the producing party or non-party reasonably believes not to be in the public domain and contains any information of a type that the party or non-party regards as trade secrets, proprietary or

confidential financial, business, technical, strategic, research, development, or commercial information and data or private personal information.

3. Any Discovery Materials that are to be designated "Confidential" may be so designated by the producing party or non-party in the following ways:

    a. In the case of documents and information contained therein, designation shall be made by marking the document "CONFIDENTIAL". In lieu of marking the original of a document, if the original is not produced, the copies that are produced or exchanged shall be marked.

    b. In the case of interrogatory answers or responses to requests for admission and the information contained therein, designation shall be made by marking the pages containing the Confidential Information "CONFIDENTIAL".

    c. Documents produced for inspection shall be treated as containing Confidential Information during the inspection. When copying documents for production, the producing party shall designate Confidential Information by marking the copies of the documents "CONFIDENTIAL" before delivering the copies to the receiving party.

    d. In the case of depositions, the party claiming the information to be produced in response to any question may designate such information as "CONFIDENTIAL" on the record prior to the deponent responding to the question(s). In the alternative, a party may also designate information produced in response to any question in a deposition consistent with Paragraph 7 below.

4. Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential Information. The receiving party must treat such information as Confidential Information from the date designation is received. Disclosure, prior to the receipt of designation, of such information to persons not authorized to receive Confidential Information shall not be deemed a violation of this Order. However, after receipt of designation, the

receiving party must immediately retrieve all information that is Confidential Information that is in the possession or control of persons not authorized to receive Confidential Information.

5. If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney/client privilege or attorney work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party. The return of the document and/or information to the producing party shall not preclude the receiving party from later moving the court to compel production of the returned documents and/or information.

6. The party making any discovery request to a non-party in this action shall simultaneously serve a copy of this Order with the discovery request.

7. Each party or non-party shall have fourteen (14) business days after receipt of the deposition transcript, in written or computer disk form, within which to inform the parties to this proceeding of any additional portions of the transcript (by specific page and line reference) to be designated as Confidential Information. The right to make such designation shall be waived unless made within the fourteen (14) day period. Prior to such designation, or the expiration of the fourteen (14) day period, the entire deposition transcript shall be treated as Confidential Information. In the event that a party designates all or a portions of deposition testimony Confidential, the court reporter shall so designate on the face of the deposition transcript that all

or portions of the transcript have been designated confidential pursuant to the terms of this Order.

8.  Any information that has been designated as "confidential" by a party pursuant to any order in other litigation shall be deemed confidential for purposes of this Order and shall be afforded the same protection as other Confidential Information under this Order.

9.  Discovery Material shall be used solely for the purposes of this case between these parties and not for any competitive, business or other purpose. Discovery Material shall not be used in any other litigation, arbitration, mediation or other proceeding of any type.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

11. Confidential Information may be disclosed only to the following persons:

   (a) the Court, including any Court personnel assisting the Court;

   (b) outside counsel for a party and all associated personnel, including litigation assistants, paralegals, secretarial or other clerical personnel of counsel;

   (c) consultants, experts, or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party In this action;

   (d) in-house counsel for any corporate party;

   (e) associated personnel of any person within categories (c) and (d) for whom access to Confidential Information is necessary to assist such persons in the action, including litigation assistants, paralegals, secretarial or other clerical personnel, stenographers or other persons involved in taking or transcribing testimony in this action, and principals and employees of the firm with which consultants or experts are associated; and

4

      (f) the parties to the action.

12. Confidential Information shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this case. All such copies or reproductions shall be subject to the terms of this Order. All copies of Confidential Information shall be kept under the control of persons(s) described in paragraphs 11 (a) through (c) above. All appropriate steps will be taken to maintain files containing Confidential Information in a secure manner that precludes access to persons not permitted to obtain such information. No information obtained under this Order shall be added to any electronic database for any other purpose other than (a) the manipulation of data for this action; however, all information obtained or derived therefrom shall be eliminated from the database after manipulation is completed; or (b) the creation of a duplicate electronic image of the documents, subject to the restrictions applicable to photocopies described in this paragraph.

13. Persons described in paragraphs 11(b) and 11(f) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing Confidential Information to a person described in paragraphs 11 (c) through (e) must first (i) advise the recipient that the information is Confidential and may only be used in connection with this action; (ii) provide the recipient with a copy of this Order; and (iii) have that person execute a confidentiality agreement stating the following:

> "I hereby acknowledge that [name, position of employment], am about to receive Confidential Information, as defined in the Order. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Order, that I have been given a copy of the Order and have read the Order and agree to be bound by its terms."

Persons described in paragraph 11 (b) should advise their associated personnel of this Order and the terms of the above stated agreement prior to providing their associated personnel access to Confidential Information.

14. In the event a party should conclude that, for purposes of this litigation, it needs to disclose any Confidential Information to persons not specified in Paragraph 11, the party may request counsel for the producing party to grant permission to do so for specified documents or information. To be effective, such consent must be granted in writing and must be specific as to documents or information.

15. If the receiving party disagrees with the designation by the producing party or non-party of any Discovery Materials as Confidential Information, then the parties to the dispute will attempt to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential Information pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential Information within the definition of those terms set forth above.

16. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to

assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

17. If any party has obtained Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, such party shall promptly notify the producing party or non-party. The subpoenaed party shall not produce any Confidential Information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

18. This Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 79.3.4.

19. The parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential Information which may be used or introduced at such trial or hearing. Before the commencement of any hearing or trial, the parties shall advise the Court of their agreement. The Court will then approve of the terms or adjust the terms as the Court deems appropriate. Absent

agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at trial or evidentiary hearing. The parties will provide reasonable notice of the Court's decision to all non-parties who have produced such information.

20. Within ten (10) business days following the running of any applicable time to appeal the final order entered in this litigation, all parties shall return to the person who produced such materials all copies of all Confidential Information obtained through discovery in this action, including all copies, excerpts, summaries or other materials derived therefrom. In the alternative, counsel for the party receiving the Confidential Information shall verify to counsel for the producing party that all Confidential Information has been destroyed. Counsel for the parties shall have the right to retain one set of Confidential Information for their files.

21. This Order shall not affect the right of any party or non-party to oppose production of Discovery Materials on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

22. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Materials or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

23. Nothing in this Order shall prejudice the right of any party or non-party to contend that any Confidential Information is in the public domain or does not otherwise constitute a trade secret or confidential or proprietary information.

SO ORDERED.

_____
Honorable Sandra S. Beckwith

| | |
|---|---|
| _____<br>James D. Wilson<br>Attorney for Plaintiff<br>WilsonYoung PLC<br>1 Woodward Avenue, Suite 2000<br>Detroit, MI 48226<br>Phone: (313) 983-1234<br>Fax: (313) 962-0900<br>jwilson@wilsonyoungplc.com | James F. McCarthy, III (0002245)<br>Attorney for Defendant<br>Katz, Teller, Brant & Hild<br>255 East Fifth Street, Suite 2400<br>Cincinnati, Ohio 45202<br>Phone: (513) 721-4532<br>Fax: (513) 762-0006<br>jmccarthy@katzteller.com |

KTBH: 4844-0701-2123, v. 1